## TERRITORY. *v.* CARL ONTAI.

## No. 1620.

### APPEAL FROM DISTRICT MAGISTRATE OF HONOLULU.

SUBMITTED JUNE 10, 1925.　　　　　DECIDED AUGUST 19, 1925.

PETERS, C. J., PERRY AND LINDSAY, JJ.

CONSTITUTIONAL LAW — *municipal ordinances* — *public dancing-halls* — *dancing-hall inspectors.*

Section 495 of the Revised Ordinances of the City and County of Honolulu, prescribing that, upon an application for a license to conduct a public dancing-hall, "if the place for the dance house or hall be approved as a fit and proper place for keeping or conducting a public dance house or hall in the opinion of the majority of the dance-hall inspectors," a license may issue, is unconstitutional and void in that it lays down no standard by which the fitness of the premises for the purpose contemplated

may be determined but leaves such determination to the uncontrolled opinion of the dance-hall inspectors.

## OPINION OF THE COURT BY LINDSAY, J.

The defendant was charged in the district court of Honolulu with conducting a public dance house known as Liberty Dance Hall without first having obtained a license so to do, contrary to the provisions of section 494 of the Revised Ordinances of the City and County of Honolulu. Defendant demurred on the grounds (among others) that the ordinance alleged to have been violated is invalid and unconstitutional; that sections 492 to 503 inclusive of the Revised Ordinances of the city and county are invalid and unconstitutional in (a) that said sections attempting to regulate dance halls provide no standard upon which licenses may be issued; (b) that said sections constitute an invalid delegation of arbitrary authority to regulate dance halls to the hall inspectors; that said sections delegate arbitrary authority to the dance-hall inspectors to refuse licenses without conforming to any standard under said ordinances.

The demurrer was overruled and, after a hearing, defendant was adjudged guilty as charged. Defendant has appealed to this court on points of law, urging that the demurrer interposed should have been sustained on the grounds above enumerated.

Under sections 492 to 503 inclusive of the Revised Ordinances of the City and County of Honolulu, the board of supervisors has attempted to regulate the places where and the conditions under which public dancing-halls may be conducted. This authority is expressly granted to the board by section 1738, R. L. 1925.

Section 493 of the ordinance relating to public dance halls provides for the appointment by the mayor of three persons as dance-hall inspectors, "whose duty it shall

be to enforce the provisions of sections 492 to 503 inclusive." Section 494 of the ordinance makes it unlawful for any person to keep or conduct a public dance house unless licensed so to do. Section 495 prescribes the steps that one desiring a license shall take in order to secure the same, namely, that the applicant shall make a written application to the clerk of the city and county, stating in the application various matters and things enumerated in the section. Upon compliance with these provisions, section 495 then provides that "the mayor shall make or cause to be made by the dance-hall inspectors an examination of the place for which said license is desired, to ascertain that the same be a fit and proper place and be constructed, maintained, operated or conducted in accordance with the provisions of the ordinances of the city and county governing and controlling such structures and places. If the person making application for a license be of good moral character and of good reputation in the community, and if the applicant has complied with the law in all respects, and if the place for the dance house or hall be approved as a fit and proper place for keeping or conducting a public dance house or hall in the opinion of the majority of the dance-hall inspectors, the mayor may approve such application and transmit such approval, who may thereupon authorize the clerk to issue a license for such dance premises. Thereupon such license shall be issued by the clerk. No license shall be issued by the clerk, except upon approval of the board of supervisors, upon the recommendation of the mayor and the majority of the dance-hall inspectors."

It will be noticed that the portion of section 495 quoted is loosely worded and does not state to whom the mayor shall transmit his approval of the application nor "who may thereupon authorize the clerk to

issue a license," but in view of the rest of the section
it may be assumed that the intent of the makers of the
ordinance was that the mayor should transmit his ap-
proval to the board of supervisors which board should
thereupon authorize the issuance of the license.

The authority to enact ordinances for the regulation
of such places as dance halls is commonly delegated
by the legislatures of the several States to the super-
visors of municipal corporations, and, if such an ordi-
nance is reasonable in its requirements, it will be upheld
by the courts. And under such an ordinance the board
of supervisors may provide for the appointment of ap-
propriate officers whose duties shall consist of super-
vising and executing the rules and regulations prescribed
by the ordinance. Such rules and regulations, however,
must be enacted by the board of supervisors itself and
the making thereof may not be delegated to officers
whose duties are purely ministerial.

In the ordinance under consideration the board of
supervisors has not, as it should have, definitely legis-
lated as to when, where and the conditions under which
a license to conduct a public dancing-hall may be ob-
tained. In the requirement that "if the place for the
dance house or hall be approved as a fit and proper
place for keeping or conducting a public dance house
or hall in the opinion of the majority of the dance-hall
inspectors" the board of supervisors has not indicated
nor attempted to indicate what shall constitute a fit
and proper place for keeping a dance hall but has left
the determination of this to the uncontrolled opinion
of the dance-hall inspectors, who are not even required
to adopt a uniform standard of requirements applicable
alike to all applicants. Under the ordinance the in-
spectors are not merely authorized to execute the law
but they are in effect made the final arbitrators as to

whether, when and under what circumstances a license to conduct a dance hall may issue, if at all. Such a delegation of legislative authority is not authorized by law and in our opinion the ordinance is invalid.

The demurrer interposed should have been sustained and the appeal is sustained on the grounds urged.

*W. H. Heen,* City and County Attorney, and *E. K. Massee,* Deputy City and County Attorney, for the Territory.

*Brown, Cristy & Davis* for defendant.